No. 27,198.

E. C. ACKERMAN, *Appellant,* v. HARRIET ALDEN, as Guardian of MARY E. MILLER, an Incompetent Person, et al., *Appellees.*

SYLLABUS BY THE COURT.

1. TRUSTS—*Parol Agreement to Convey Land—Evidence.* The evidence considered in an action to establish a trust and agreement to convey real estate and held sufficient to sustain the judgment.

2. APPEAL AND ERROR—*Review—Findings Based on Substantial Evidence.* Rule followed that where there is substantial evidence to sustain a finding of the trial court, it will not be set aside on appeal.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed March 12, 1927. Affirmed.

*J. J. Schenck* and *Edwin A. Austin,* both of Topeka, for the appellant.

*James A. Troutman, Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellees.

Appeal and Error, 4 C. J. p. 878 n. 82; 2 R. C. L. 194. Deeds, 18 C. J. pp. 439 n. 78, 440 n. 83. Trusts, 39 Cyc. p. 163 n. 72.

The opinion of the court was delivered by

HOPKINS, J.:   The action was by a grandson to establish a trust and agreement to convey certain real estate situated in Topeka. The plaintiff was defeated in part and appeals.

Briefly the facts are these:  Lillian Ackerman, mother of the plaintiff, owned 160 acres of Nebraska land which she deeded to her mother in pursuance of an oral agreement by her mother to will all her property to the plaintiff.   The defendant executed but later destroyed the will, and still later executed and delivered a deed conveying the real estate now in controversy to C. S. Elliot to hold for delivery to the plaintiff upon her death.   Later, upon order from her, Elliott destroyed the deed.   The trial court held that plaintiff owned a three-fourths interest in the land subject to his grandmother's life estate.

The plaintiff contends that there was an unqualified delivery of the deed to Elliott for his benefit and that if he was entitled to any interest in the property subject to the life estate of his grandmother, he was entitled to the entire estate conveyed to him by the deed; that Elliott as agent of both parties had no right or power to dispose of the escrow in his hands on the order of one of the parties only.

The defendant contends that there were two issues; first, did the plaintiff or his mother, Mrs. Ackerman, contribute the purchase price or any part thereof for the (Topeka) property in controversy, and by reason thereof did a trust arise in favor of the plaintiff? Second, did the defendant, Mrs. Miller, execute a general warranty deed to the plaintiff for a valuable consideration and place the same irrevocably in the hands of Mr. Elliott to be delivered to the plaintiff after her death?   The lower court found generally for the plaintiff on the first proposition and against him on the second.

There was evidence that on or about July 29, 1904, Lillian Ackerman and her mother, the defendant, entered into an oral agreement which was afterwards reduced to writing by execution of the deed and will above mentioned; that the will devised the real estate, the proceeds of the sale of the same and any property she might become possessed of otherwise to Ernest Ackerman; that the deed and will were deposited together by defendant and left for

safe-keeping with Edwin A. Austin, who drew the will and who was one of the witnesses thereof; that the deed and will remained in his possession for a considerable time; that the will was afterwards withdrawn by the defendant without the knowledge or consent of Mrs. Ackerman or plaintiff; that defendant, in 1918, sent for Mr. Elliott, wanted him to draw a deed conveying the property in controversy to her grandson at the time of her death; that he did so—drew a straight warranty deed; that the consideration was a dollar, love and affection; that after acknowledgment of the deed, he took it to his office and put it in his safe; that she told him to take, keep and deliver it to Ernest Ackerman at her death; that he held it subject absolutely to her order except at her death; that later, at Mrs. Miller's order, he destroyed it; that he did not notify Ernest Ackerman that the deed was destroyed. There was also evidence that the Nebraska land was sold for $3,000; that the defendant had real property in Illinois which she sold for $750, to which she added other money, so that all together $4,000 was invested in the Topeka property now in controversy.

While the evidence was strongly corroborative of plaintiff's contention that the original agreement by the grandmother was that in consideration of the conveyance to her of the Nebraska land by her daughter, she, the grandmother, was to will all of her property to the grandson, we cannot say that the finding and conclusion of the trial court was without susbtantial evidential support. Both the will and the deed to plaintiff by the defendant had been destroyed. All the evidence pertaining thereto was oral. Its weight and inferences to be drawn therefrom were properly matters for the trial court. There was substantial evidence to sustain the conclusion and judgment, which necessarily requires an affirmance.

The judgment is affirmed.